UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL KNUTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3185 |
| | ) | |
| STUART ERLENBUSH and | ) | |
| MICHAEL FRUGE, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently incarcerated in Stateville Correctional Center, pursues claims for excessive force incident to his arrest. Discovery is closed, and Defendants have filed a motion for summary judgment.

Plaintiff has filed additional motions for the appointment of counsel (d/e's 33, 39). For the reasons stated in the Court's 9/30/11 order denying Plaintiff's prior motion for counsel, the Court still concludes that Plaintiff is competent to proceed pro se. Plaintiff contends that he is taking "heavy psychotropic drugs"—Paxil and

1

Remeron— which "keep this plaintiff in a state of mind where he can bearly [sic] formulate a letter to his family . . . ." However, the medical records he attaches to his motion state that Plaintiff's thought process is "intact" (March 2011 Mental Health Treatment Notes), "coherent" (3/13/11 and 4/24/11 Mental Health Treatment Notes) and "coping well" (7/13/11 Mental Health Treatment Notes). These exhibits also indicate that Plaintiff suffers from depression and anxiety. Paxil and Remeron are used to treat a variety of ailments, including depression and anxiety disorders. Physician's Desk Reference (6th Ed. 2012). Plaintiff offers no evidence to support his assertion that these medicines carry debilitating side effects. Further, Plaintiff's 2010 evaluation finding him fit to stand trial states that Plaintiff had denied any side effects from taking Paxil. (Fitness to Stand Trial Evaluation, p. 9.) In short, Plaintiff offers no evidence to support his assertion that the medications he takes affect his mental ability. The evidence he offers actually contradicts his assertion. Further, the Court has read Plaintiff's deposition in which Plaintiff appropriately, though reluctantly at times, responds to

questions.

Plaintiff states that other inmates prepare all of his pleadings for him. This is common in prisoner civil rights litigation and does not automatically mean that Plaintiff is not competent to proceed pro se. Whether on his own or with help, Plaintiff has been able to file coherent and pertinent pleadings. Nothing on the current record warrants an inference that Plaintiff himself is not competent to proceed pro se.

On a separate matter, the Court has read through Defendants' motion for summary judgment and Plaintiff's response. Defendants argue that the doctrine of collateral estoppel and the principles set forth in Heck v. Humphrey, 512 U.S. 477, 487 (1994) bar Plaintiff's excessive force claim, but Defendants do not specifically address Plaintiff's claim that Defendant Erlenbush shot Plaintiff twice even though Erlenbush allegedly knew by that time that Plaintiff was incapacitated and had dropped his weapon. Defendants do not explain how these allegations necessarily contradict the facts necessary for Plaintiff's attempted murder conviction or conviction for aggravated discharge of a firearm.

Additionally, the facts set forth in Defendants' argument section which detail the incident are not set forth separately as undisputed facts, to put Plaintiff on clear notice that he must respond specifically to each fact. CDIL-LR 7.1(D)(1)(b).  Affidavits from Defendants Erlenbush and Fruge are not included and may be helpful to address Plaintiff's allegations which were not already addressed in the trial testimony of Erlenbush and Fruge.

To ensure a fully developed and clear record for review, Defendants' motion for summary judgment will be denied with leave to renew.  In the meantime, the Court will assist Plaintiff in his efforts to view the video recordings of the incident.

IT IS THEREFORE ORDERED:

1) Plaintiff's motions for the appointment of counsel are denied (d/e's 33, 39).

2) Defendants' motion for summary judgment is denied (d/e 27) with leave to renew by February 28, 2013.  The video evidence does not need to be resubmitted.

3) Plaintiff's motions to compel the prison to allow him to view the DVDs are granted in part (d/e's 38, 44). Defendants rely on video evidence to support their summary judgment motion. The video evidence shows some of the events at issue in this case, recorded by cameras on police cars. According to the Court's information, Defendants have mailed the DVDs to Plaintiff at Stateville, but Plaintiff is not being permitted to view the DVDs. The Court requests that Stateville Correctional Center arrange for Plaintiff to view the DVDs in the place, time, and manner determined by Stateville. However, only the portion of the recordings showing the minutes leading up to, during, and a few minutes after the shooting need be shown. One of the DVDs contains footage from the rest of the day in question which is not relevant.

4) The clerk is directed to send this order to the Warden and to the litigation coordinator at Stateville, and also to Chris Higgerson at the Illinois Attorney General's Office, with paragraph (3) above highlighted.

5) Plaintiff's motion for a status (d/e 46) and motion for an extension to compel production of the DVDs (d/e 35) are denied as moot.

ENTERED: 1/3/2013

FOR THE COURT:

                         <u>  s/Sue E. Myerscough  </u>
                         SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE